UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WINNERS SPORTS BAR AND GRILL, INC., | ) | Case No. 15-26116 |
| | ) | |
| Debtor. | ) | Judge Pamela Hollis |
| | ) | |

**NOTICE OF MOTION**

To:   Attached Service List

PLEASE TAKE NOTICE that on **December 14, 2016 at 10:30 a.m.**, or a soon thereafter as Counsel may be heard I shall appear the Honorable Judge Pamela Hollis in courtroom 644 of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois, or before any other Bankruptcy Judge who may be sitting in her place and shall there and then present DEBTOR'S MOTION FOR ENTRY OF FINAL DECREE AND ORDER CLOSING CHAPTER 11 CASE, which is attached, a copy of which is attached to this Notice and hereby served upon you.

/s/ Jonathon Treat

**CERTIFICATE OF SERVICE**

I, Jonathon Treat, an attorney, caused a copy of the Motion and this Notice to be served upon the attached addresses in the manner indicated and by ECF notification and mail to registered parties, on this 7th day of December, 2016.

/s/ Jonathon Treat

Jonathon Treat

Treat Law Office, P.C.
33 N. LaSalle St, Suite 2020
Chicago, IL 60602
Phone (708) 217-4192
Fax (877) 204-3444

# SERVICE LIST

By ECF:

| | |
|---|---|
| Patrick Layng | Robert Lynch, III |
| United States Trustee | Office of the Illinois Attorney General |
| 219 S. Dearborn Street | 100 W. Randolph St., 13th Floor |
| Room 873 | Chicago, IL 60601 |
| Chicago, IL 60604 | robert.lynch2@illinois.gov |
| USTPRegion11.es.ecf@usdoj.gov | |

Parties Served via First Class Mail:

Percy Washington, President
Winners Sports Bar and Grill, Inc.
5912-5914 West Madison Street
Chicago, IL 60644

City of Chicago
121 North LaSalle Street
Chicago, IL 60602

Avell Collier
Collier & Associates
7854 South Maryland
Chicago, IL 60619

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WINNERS SPORTS BAR AND GRILL, INC., | ) | Case No. 15-26116 |
| | ) | |
| Debtor. | ) | Judge Pamela Hollis |
| | ) | |

**DEBTOR'S MOTION FOR ENTRY OF FINAL DECREE AND
ORDER CLOSING CHAPTER 11 CASE**

1. Because the bankruptcy estate in this case has been fully administered, Winners Sports Bar & Grill, Inc., (the "Reorganized Debtor") seeks entry of a final decree and order closing this chapter 11 case.

**BACKGROUND**

2. The Reorganized Debtor operates a small neighborhood tavern in Chicago, Illinois. On July 31, 2015, the Reorganized Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. During the case, the Reorganized Debtor managed its assets as a debtor- in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee was appointed in the case.

4. On November 10, 2016, this Court entered an order (Docket # 54) confirming the Reorganized Debtor's plan of reorganization and approving the disclosure statement. The plan's effective date was November 25, 2016, and the confirmation order is a final order.

5. In addition, the property of the bankruptcy estate in this case has vested in the Reorganized Debtor, which has been operating the debtor's business since the plan's effective date.

6. Plan payments have also commenced:

| Class | Status of Payments |
|---|---|
| U.S. trustee fees. | The U.S. trustee fees were paid through confirmation and additional fees will be paid once the final fees due have been calculated. |
| Class 1: Tax Claims of the Illinois Department of Revenue | The Reorganized Debtor will make the first required monthly Class 1 payment to priority tax claimants prior to the agreed first payment deadline of December 25, 2016. |
| Class 2: Allowed General Unsecured Claims | The Reorganized Debtor had made the first payments to all Class 2 claimants (except the IL Dept. of Revenue). The Reorganized Debtor will make the first required monthly Class 2 payment to the IL Dept. of Revenue prior to the agreed first payment deadline of December 25, 2016. |

7. Finally, there are no pending matters left for this Court to address.

**DISCUSSION**

8. "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

9. The Rules do not define when an estate is fully administered, so courts "should review each request for entry of a final decree on a case-by-case basis and analyze the factors set forth in Rule 3022, along with any other relevant factors, in determining whether an estate has been fully administered." *Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.)*, 43 Fed. Appx. 820, 822 (6th Cir. 2002); *accord In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).

10. The factors considered include: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been distributed; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor or

4

the successor of the debtor under the plan has assumed the business of the management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters, and adversary proceedings have been finally resolved. Fed. R. Bankr. P. 3022 Advisory Note.

11. Whether or not there is a possibility that a court's jurisdiction may be invoked in the future is not a basis to keep a case open, as a final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to 11 U.S.C. § 350(a). *Id.*

12. Here, there is no bankruptcy estate left to administer. The confirmation order is final. The estate's property has vested in the Reorganized Debtor, which is operating the debtor's business. Plan payments have commenced and are current, and there are no pending matters for this Court to address.

13. There is therefore no further need for supervision by this Court.

## NOTICE

14. Seven days' notice of this motion has been provided to: (a) the Reorganized Debtor; (b) the United States trustee; (c) the Debtor's creditors; and (d) any other party that has filed an appearance or requested notice in the case. The Reorganized Debtor submits that, under the circumstances, such Notice is adequate and that no further notice is required.

Wherefore, the Debtor respectfully requests that the Court enter a final decree and order closing the case, and grant such further relief as is appropriate under the circumstances.

                                              Respectfully Submitted,

DATED: December 7, 2016                  /s/ Jonathon Treat

                                                Jonathon Treat
                                              Attorney for Debtor

Treat Law Office, P.C.
33 N. LaSalle St, Suite 2020
Chicago, IL 60602
Phone (708) 217-4192
Fax (877) 204-3444

6